IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS OTTIS RANKIN, JR., )
 )
      Plaintiff, )
 )
      v. ) Civil Action No. 18-724
 )
 )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

O R D E R

AND NOW, this 30th day of August, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on October 29, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on September 24, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

On August 29, 2014, Plaintiff Curtis Ottis Rankin, Jr. protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., Specifically, Plaintiff claimed that he became disabled on May 1, 2014, due to affective/mood disorder and a substance abuse disorder. (R. 46). After being denied initially, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on March 27, 2017.

1

(R. 30-45). In a decision dated May 19, 2017, the ALJ denied Plaintiff's request for benefits. (R. 10-18). The Appeals Council declined to review the ALJ's decision on April 13, 2018. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

2

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 404.1520(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since May 1, 2014. (R. 12). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had several severe impairments, specifically, joint disease of the non-dominant left shoulder, gout, depressive disorder (bereavement), and a substance abuse disorder in partial remission. (R. 12). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14).

The ALJ next found that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that he cannot lift above shoulder level with the non-dominant left upper extremity. (R. 15). At Step Four, the ALJ elicited testimony from a

vocational expert ("VE") and found that Plaintiff was able to perform past relevant work as a "file supervisor," leading to a conclusion that Plaintiff was not disabled. (R. 17). Additionally, the ALJ made alternative findings for Step Five of the sequential evaluation process. Specifically, the ALJ found that Plaintiff was not disabled using the Medical-Vocational Guidelines as a framework, since, even considering Plaintiff's additional limitation involving use of his left arm, he was still not disabled as it did not significantly limit the range of work that could be performed. (R. 18)

## IV. <u>Legal Analysis</u>

While the Court does not reach all of Plaintiff's contentions as to how the ALJ erred in finding him to be not disabled, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ erred in finding Plaintiff to be not disabled at Step 4, and alternatively at Step 5, of the sequential analysis, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

As discussed, <u>supra</u>, the ALJ must consider at Step 4 whether the claimant retains the RFC to perform his or her past relevant work, and the evaluation moves on to the fifth and final step if the claimant is unable to resume his or her former occupation. RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" <u>Fargnoli</u>, 247 F.3d at 40 (quoting <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 121 (3d Cir. 2000)); <u>see also</u> 20 C.F.R. § 404.1545(a)(1). Here, the ALJ determined that Plaintiff retained the RFC to perform medium work, with the additional limitation that he could not lift above shoulder level with his left arm. (R. 15).

In attempting to define Plaintiff's past relevant work, the ALJ called upon a VE to testify. The VE's testimony, which was quite brief, consisted of the following exchange:

> BY THE ADMINISTRATIVE LAW JUDGE:
>
> Q. Mr. Edelman, how would you classify the claimant's previous work experience?
>
> A. It's a very complicated combination job. We have standard tech, which would be sedentary, and unskilled.
> We have data entry, sedentary, and semi-skilled.
> We have file room clerk, which is semi-skilled, light to medium, and according to the work report, file room manager, which is skilled, and by his description, heavy to very heavy.
>
> Q. Okay. Is that a – is the file room manager position as generally performed in the national economy?
>
> A. Give me a second. I do not know that.
> The only thing that is at all close to it is file supervisor, *206.137-010*. This is light, SVP of 7, skilled. The brief description is supervises and coordinates activities of workers engaged in maintaining central records files.
>
> Q. All right. And what's the DOT number on that?
>
> A. *206.137-010.*
>
> Q. All right. Thank you.
>
> ALJ. I don't have any other questions.

(R. 44).

After this exchange, the ALJ terminated the hearing. In his decision, the ALJ concluded that the VE had indicated that Plaintiff's past work could be considered work as a "file supervisor," which was light and skilled. (R. 17). The ALJ then found that Plaintiff could perform his past relevant work as a "file supervisor" since it does not require the performance of

6

work-related activities precluded by his RFC, which meant that Plaintiff was not disabled. (R. 17).

Plaintiff contends, however, that the VE did not testify that Plaintiff's past relevant work could be summed up as a "file supervisor" position, and that the VE offered that position as just one of several jobs encompassed by Plaintiff's past relevant work. Whereas, the government asserts that the ALJ "unquestionably understood the vocational expert to be finding a match for a position fitting all the sub-elements of Plaintiff's past relevant work." (Doc. No. 13, at 10).[1]

Upon examination of the hearing transcript as well as the ALJ's decision, the Court finds that it does not agree with the government's interpretation of the VE's testimony. At the outset, the Court notes that the ALJ's questioning of the VE on this issue was somewhat disjointed and appears to have ended prematurely, and the full meaning of the VE's testimony is therefore unclear. The Court is thus unable to conclude that the VE indicated in his testimony that Plaintiff's past relevant work could simply be characterized as the light work of a file supervisor. First, the VE appears to have been referring to the file supervisor position as being only somewhat close to the file room manager position. Further, the VE does not appear to have been opining, as the government proposes, that the file supervisor position encompassed the other three positions that he listed. Clearly, the VE's specific description of the position of file supervisor as "[t]he only thing that is at all close to it" is not an opinion that such position fully matches Plaintiff's past relevant work—especially since the VE emphasized that the file

---

[1] "To establish that a claimant maintains the RFC to perform past relevant work in a composite job, the evidence must establish that the claimant can perform *each job* within a composite job, whether as actually performed or as generally performed in the national economy." Boggs v. Colvin, Civil Action No. 1:13-CV-00111, 2014 WL 1277882, at *10 (M.D. Pa. Mar. 27, 2014) (citing Peterson v. Astrue, No. 1:09-CV-00209, 2010 WL 3219293, at *7 (N.D. Ind. Aug. 12, 2010); Gallant v. Astrue, Civil No. 09-357-P-S, 2010 WL 2927263, at *5 (D. Me. July 20, 2010)).

7

supervisor position is a light job, while the file room manager position that Plaintiff had described was a "heavy to very heavy" job. (R. 44). Rather, it appears to the Court that the ALJ should have continued to question the VE about characterizing Plaintiff's past relevant work instead of abruptly ending the hearing and simply determining that Plaintiff was capable of performing his past relevant work based on a single—and admittedly only somewhat similar—job description. Accordingly, the Court finds that the ALJ erred at Step 4 of his analysis in finding that, based on the VE's limited testimony, Plaintiff is not disabled because he can perform his past relevant work.

In his decision, the ALJ also proceeded to Step 5 and found, alternatively, that even if Plaintiff could not perform his past relevant work, considering his age, education, work experience, and RFC, there are other jobs that exist in the national economy that Plaintiff could perform. (R. 17-18). In doing so, the ALJ essentially relied on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"). (R. 18). In his discussion, the ALJ noted that, if Plaintiff could perform the full range of medium work, he would be deemed not disabled, but because he has an additional limitation, the Grids were to be used only as a framework. (R. 18). Nevertheless, the ALJ then found, without significant discussion and without citing to any evidence in support, that Plaintiff's additional limitation does not limit the range of work that can be performed, which led to a finding that he is not disabled. (R. 18).

Thus, Plaintiff argues that the ALJ's alternative Step Five findings are erroneous, while the government simply states in its brief that it will not defend the ALJ's alternative conclusions. (Doc. No. 13, at 11). The Court notes at this juncture that the ALJ did not present evidence as to whether Plaintiff's nonexertional limitation would erode the potential occupational base, either by producing vocational evidence or by citing to an SSR, nor did he give any notice of his

intention to find that Plaintiff's limitation does not significantly erode the occupational base and provide Plaintiff with an opportunity to respond. See SSAR 01-1(3), 2001 WL 65745, at *4 (Jan. 25, 2001). Thus, upon review of the ALJ's decision, and in consideration of the fact that the government does not attempt to defend the ALJ's findings at this step in his analysis, the Court agrees with Plaintiff's contention that the ALJ's alternative analysis at Step Five is erroneous.

Accordingly, the Court finds that the ALJ's analysis at Step 4 and, alternatively, at Step 5 is insufficient in this case. The Court also finds that the ALJ's unclear explanation calls into question the appropriateness of his disability finding, and the decision issued by the ALJ is, therefore, not supported by substantial evidence. Thus, remand is required to allow for clearer discussion at Step 4, and perhaps at Step 5, of the sequential analysis. Additionally, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are fully explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, because the ALJ failed to clearly and adequately explain his reasoning at Steps 4 and 5 of the sequential analysis, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

9